# U.S. District Court
# Southern District of Iowa (Davenport)
# CIVIL DOCKET FOR CASE #: 3:12–cv–00094–CRW–RAW
# *Internal Use Only*

| | |
|---|---|
| Hammock v. Jensen et al | Date Filed: 07/19/2012 |
| Assigned to: Senior Judge Charles R. Wolle | Date Terminated: 05/13/2013 |
| Referred to: Magistrate Judge Ross A. Walters | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Calvin Hammock**
    represented by    **Calvin Hammock**
1911 Valley Drive
Davenport, IA 52806
563–424–4334
PRO SE

**Trent A Henkelvig**
HENKELVIG LAW
PO BOX 153
Danville, IA 52623
319–572–2706
Fax: 866–255–4581
Email: TAHenkelvig@iabar.org
*TERMINATED: 12/11/2012*

V.

**Defendant**

**Brad Jensen**
*Individually and in his capacity as a City of Davenport Police Officer*
    represented by    **Christopher S Jackson**
DAVENPORT CITY ATTORNEYS OFFICE
226 W. Fourth Street
Davenport, IA 52801
563 326 7735
Fax: 563 328 6767
Email: csj@ci.davenport.ia.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**
DAVENPORT CITY ATTORNEYS OFFICE
226 W. Fourth Street
Davenport, IA 52801
563 326 7752
Fax: 563 328 6767

Email: tdw@ci.davenport.ia.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samuel Miller**                    represented by   **Christopher S Jackson**
*Individually and in his capacity as a City*          (See above for address)
*of Davenport Police Officer*                         *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas D Warner**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Epigmenio Canas**                  represented by   **Christopher S Jackson**
*Individually and in his capacity as a*               (See above for address)
*Detective with City of Davenport Police*             *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas D Warner**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Smith**                      represented by   **Christopher S Jackson**
*Individually and in his capacity as a*               (See above for address)
*Sergeant with City of Davenport Police*              *LEAD ATTORNEY*
*TOB*                                                 *ATTORNEY TO BE NOTICED*

                                                      **Thomas D Warner**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Sievert**                  represented by   **Christopher S Jackson**
*Individually and in his capacity as a City*          (See above for address)
*of Davenport Officer*                                *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas D Warner**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Austin Kean**                      represented by   **Christopher S Jackson**
*Individually and in his capacity as a*               (See above for address)
*Detective with the City of Davenport*                *LEAD ATTORNEY*
*Police*                                              *ATTORNEY TO BE NOTICED*

                                                      **Thomas D Warner**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Quick**
*Individually and in his capacity as a City of Davenport Police Officer*

represented by **Christopher S Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Mahieu**
*Individually and in his capacity as a City of Davenport Police Officer*

represented by **Christopher S Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Donchez**
*In his capacity as Chief of Police for the City of Davenport*

represented by **Christopher S Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bill Gluba**
*In his capacity as Chief Executive Officer for the City of Davenport*

represented by **Christopher S Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Davenport, Iowa**
*In capacity as a Municipal Corporation of the State of Iowa*

represented by **Christopher S Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D Warner**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Davenport Police Department**          represented by          **Christopher S Jackson**
*In capacity as a branch of the municipal*          (See above for address)
*corporation Davenport in the State of*          *LEAD ATTORNEY*
*Iowa*          *ATTORNEY TO BE NOTICED*

**Thomas D Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Genesis Health System**          represented by          **Diane M Reinsch**
LANE &WATERMAN LLP
220 N MAIN ST
SUITE 600
DAVENPORT, IA 52801
309−785−1600
Email: dreinsch@l−wlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin James Patterson**
LANE &WATERMAN LLP
220 N MAIN ST
SUITE 600
DAVENPORT, IA 52801
563 324 3246
Fax: 563 324 1616
Email: bpatterson@l−wlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr Steven Bashor**          represented by          **Diane M Reinsch**
*Genesis Health System*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin James Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Nurse**          represented by          **Diane M Reinsch**
*Genesis Health System*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin James Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kelly Cunningham**                         represented by  **Robert L Cusack**
*Individually and in her capacity as an*                     SCOTT COUNTY ATTORNEY'S
*assistant county attorney in the county of*                 OFFICE
*Scott, state of Iowa*                                       400 W. Fourth Street
                                                             Davenport, IA 52801
                                                             563 326 8231
                                                             Fax: 563 326 8763
                                                             Email: rcusack@scottcountyiowa.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Walton**                          represented by  **Robert L Cusack**
*in his capacity as county attorney for the*                (See above for address)
*county of Scott in the state of Iowa*                       *ATTORNEY TO BE NOTICED*

**Defendant**

**County of Scott**                         represented by  **Robert L Cusack**
*Filed as The County of Scott, in collective*               (See above for address)
*capacity as an agency on the State of*                      *ATTORNEY TO BE NOTICED*
*Iowa, and individual capacity under*
*Home Rule authority*

**Defendant**

**State of Iowa**                           represented by  **Robert L Cusack**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/19/2012 | | | Senior Judge Charles R. Wolle added. Senior Judge Harold D. Vietor no longer assigned to case. (bp ) (Entered: 07/19/2012) |
| 07/19/2012 | 1 | | COMPLAINT against Steven Bashor, Epigmenio Canas, City of Davenport, Iowa, Kelly Cunningham, Davenport Police Department, Frank Donchez, Genesis Health System, Bill Gluba, Brad Jensen, Austin Kean, Christopher Mahieu, Samuel Miller, James Quick, Patrick Sievert, Jason Smith, State of Iowa, The County of Scott, Unknown Nurse, Michael Walton, filed by Calvin Hammock. Notice of Dismissal for lack of Service deadline set for 11/16/2012. Rule 16 Notice of Dismissal set for 11/16/2012. (Attachments: # 1 List of Exhibits, # 2 Exhibits A – Q, # 3 Exhibits R – X) (bp ) (Entered: 07/19/2012) |
| 07/19/2012 | 2 | | MOTION to Appoint Counsel by Calvin Hammock.Motions referred to Ross A. Walters. Responses due by 8/6/2012 (bp ) (Entered: 07/19/2012) |
| 07/19/2012 | 3 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Proceed in forma pauperis by Calvin Hammock. (bp) (Entered: 07/19/2012) |
| 07/19/2012 | 4 | | TEXT ORDER granting 3 Motion for Leave to Proceed in forma pauperis. Signed by Senior Judge Charles R. Wolle on 7/19/2012. (alb) (Entered: 07/19/2012) |
| 07/20/2012 | 5 | | Text Summons Issued as to All Defendants. Summons given to Plaintiff. (bp) (Entered: 07/20/2012) |
| 07/25/2012 | 6 | | ORDER. On 8/17/12 at 8:00 a.m., the undersigned judge will meet with plaintiff at the U.S. Courthouse in Davenport to discuss his request that the U.S. marshal serve process on all named defendants, as well as other pretrial matters in this case. Signed by Senior Judge Charles R. Wolle on 7/25/2012. (alb) (Entered: 07/25/2012) |
| 07/25/2012 | | | Set Hearing: Status Conference set for 8/17/2012 08:00 AM in Davenport – Room 120 – 1st Floor before Senior Judge Charles R. Wolle. (bp) (Entered: 07/25/2012) |
| 08/17/2012 | 7 | | Minute Entry for proceedings held before Senior Judge Charles R. Wolle: Motion Hearing held on 8/17/2012, re: process of service of defendants and 2 MOTION to Appoint Counsel filed by Calvin Hammock. (Court Reporter Kara M. Sullivan.) (bp) (Entered: 08/17/2012) |
| 08/22/2012 | 8 | | ORDER granting 2 Motion to Appoint Counsel. The clerk of court is ordered to find counsel who will represent plaintiff, pro bono publico, from the list of counsel who volunteered to take civil rights cases. If no volunteer attorney is located who will accept this case by October 1, 2012, plaintiff shall be required to proceed pro se, and represent himself. The clerk of court is directed to issue requests for waiver of service of process on defendants. See order for specs. Signed by Senior Judge Charles R. Wolle on 8/21/2012. (bp) (Entered: 08/22/2012) |
| 08/23/2012 | 9 | | REQUEST FOR WAIVER of Service sent to Brad Jensen, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp) (Entered: 08/23/2012) |
| 08/23/2012 | 10 | | REQUEST FOR WAIVER of Service sent to Samuel Miller, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Wavier of Service Form) (bp) (Entered: 08/23/2012) |
| 08/23/2012 | 11 | | REQUEST FOR WAIVER of Service sent to Epigmentio Canas, c/o Corporate Counsel on August 23, 2012 by Epigmenio Canas. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp) (Entered: 08/23/2012) |
| 08/23/2012 | 12 | | REQUEST FOR WAIVER of Service sent to Jason Smith, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service) (bp) (Entered: 08/23/2012) |
| 08/23/2012 | 13 | | REQUEST FOR WAIVER of Service sent to Patrick Sievert, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/23/2012) |
| 08/23/2012 | <u>14</u> | | REQUEST FOR WAIVER of Service sent to Austin Kean, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>15</u> | | REQUEST FOR WAIVER of Service sent to James Quick, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>16</u> | | REQUEST FOR WAIVER of Service sent to Christopher Mahieu, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>17</u> | | REQUEST FOR WAIVER of Service sent to Frank Donchez, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>18</u> | | REQUEST FOR WAIVER of Service sent to Bill Gluba, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>19</u> | | REQUEST FOR WAIVER of Service sent to City of Davenport, Iowa, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>20</u> | | REQUEST FOR WAIVER of Service sent to Davenport Police Department, c/o Corporate Counsel on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>21</u> | | REQUEST FOR WAIVER of Service sent to Genesis Health System on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>22</u> | | REQUEST FOR WAIVER of Service sent to Dr. Steven Bashor, c/o Genesis Health System on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>23</u> | | REQUEST FOR WAIVER of Service sent to Unknown Nurse, c/o Genesis Health System on August 23, 2012 by Unknown Nurse. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | <u>24</u> | | REQUEST FOR WAIVER of Service sent to Kelly Cunningham, c/o Scott County Attorney's Office on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: #<u>1</u> Waiver of Service Form) (bp ) (Entered: 08/23/2012) |

| 08/23/2012 | 25 | | REQUEST FOR WAIVER of Service sent to Micahel Walton, c/o Scott County Attorney's Office on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
|---|---|---|---|
| 08/23/2012 | 26 | | REQUEST FOR WAIVER of Service sent to The County of Scott, c/o Scott County Attorney's Office on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 08/23/2012 | 27 | | REQUEST FOR WAIVER of Service sent to State of Iowa, c/o Iowa Attorney General's Office on August 23, 2012 by Calvin Hammock. Waiver of Service due by 9/24/2012. (Attachments: # 1 Waiver of Service Form) (bp ) (Entered: 08/23/2012) |
| 09/14/2012 | 28 | | NOTICE of Appearance by Trent A Henkelvig on behalf of All Plaintiffs (Henkelvig, Trent) (Entered: 09/14/2012) |
| 09/14/2012 | 29 | | NOTICE of Non−Appearance by Forrest A Guddall for the following Steven Bashor, Epigmenio Canas, City of Davenport, Iowa, County of Scott, Kelly Cunningham, Davenport Police Department, Frank Donchez, Genesis Health System, Bill Gluba, Brad Jensen, Austin Kean, Christopher Mahieu, Samuel Miller, James Quick, Patrick Sievert, Jason Smith, State of Iowa, Unknown Nurse, Michael Walton (Guddall, Forrest) (Entered: 09/14/2012) |
| 09/25/2012 | 30 | | NOTICE of Appearance by Robert L Cusack on behalf of County of Scott, Kelly Cunningham, State of Iowa, Michael Walton (Cusack, Robert) (Entered: 09/25/2012) |
| 10/04/2012 | 31 | | NOTICE of Appearance by Christopher S Jackson and Tom Warner on behalf of Epigmenio Canas, City of Davenport, Iowa, Davenport Police Department, Frank Donchez, Bill Gluba, Brad Jensen, Austin Kean, Christopher Mahieu, Samuel Miller, James Quick, Patrick Sievert, Jason Smith (Jackson, Christopher) Modified on 10/4/2012 to add Tom Warner (rmj). (Entered: 10/04/2012) |
| 10/18/2012 | 32 | | MOTION to Dismiss *and Brief in Support of Motion to Dismiss* by Steven Bashor, Genesis Health System, Unknown Nurse. Responses due by 11/5/2012 (Attachments: # 1 Brief in Support Brief)(Reinsch, Diane) (Entered: 10/18/2012) |
| 10/19/2012 | 33 | | MOTION to Dismiss by State of Iowa. Responses due by 11/5/2012 (Attachments: # 1 Brief)(Cusack, Robert) (Entered: 10/19/2012) |
| 10/31/2012 | 34 | | ANSWER to Complaint by Epigmenio Canas, City of Davenport, Iowa, Davenport Police Department, Frank Donchez, Bill Gluba, Brad Jensen, Austin Kean, Christopher Mahieu, Samuel Miller, James Quick, Patrick Sievert, Jason Smith.(Jackson, Christopher) (Entered: 10/31/2012) |
| 11/01/2012 | 36 | | TEXT ORDER: ORDER granting 35 defendants' request to file sealed material. The case manager shall set the seal access flag and notify counsel when the document may be filed as a sealed document. Counsel should be sure to serve a copy on plaintiff by means other than the CM/ECF system as it may not be automatically transmitted to counsel by the system. Entered by Magistrate Judge Ross A. Walters on 11/1/2012. (kln) (Entered: 11/01/2012) |

May 28 2013 p 8
Appellate Case: 13-2165    Page: 8    Date Filed: 05/28/2013 Entry ID: 4039676

| 11/02/2012 | 37 | | First MOTION for Extension of Time to File *Response* by Calvin Hammock.Motions referred to Ross A. Walters. Responses due by 11/19/2012 (Henkelvig, Trent) (Entered: 11/02/2012) |
|---|---|---|---|
| 11/05/2012 | 38 | | Sealed Document by Bill Gluba, Austin Kean, Brad Jensen, Davenport Police Department, Patrick Sievert, Samuel Miller, Christopher Mahieu, City of Davenport, Iowa, James Quick, Epigmenio Canas, Frank Donchez, Jason Smith. (Jackson, Christopher) (Entered: 11/05/2012) |
| 11/06/2012 | 39 | | TEXT ORDER: ORDER granting 37 plaintiff's request to extend time to respond to defendants' motions to dismiss. Plaintiff shall have to and including 11/19/2012 to respond to the motions 32 33 . Entered by Magistrate Judge Ross A. Walters on 11/6/2012. (kln) (Entered: 11/06/2012) |
| 11/06/2012 | | | Set/Reset Deadlines as to Responses due by 11/19/2012 (kln) (Entered: 11/06/2012) |
| 11/19/2012 | 40 | | TEXT ORDER. Hearing on all pending motions will be held by telephone conference call placed by the court to counsel of record at 10:00 a.m. on December 13, 2012. Signed by Senior Judge Charles R. Wolle on 11/19/2012. (alb) (Entered: 11/19/2012) |
| 11/19/2012 | 41 | | RESPONSE to Motion re 32 MOTION to Dismiss *and Brief in Support of Motion to Dismiss*, 33 MOTION to Dismiss filed by Calvin Hammock. Replies due by 11/29/2012.(Henkelvig, Trent) (Entered: 11/19/2012) |
| 11/20/2012 | | | Set Hearing: Motion Hearing set for 12/13/2012 10:00 AM in Phone Hearing before Senior Judge Charles R. Wolle. (bp ) (Entered: 11/20/2012) |
| 12/05/2012 | 42 | | First MOTION to Withdraw as Attorney *For Calvin Hammock* by Calvin Hammock.Motions referred to Ross A. Walters. Responses due by 12/24/2012 (Henkelvig, Trent) (Entered: 12/05/2012) |
| 12/07/2012 | 43 | | TEXT ORDER re 42 First MOTION to Withdraw as Attorney *For Calvin Hammock* filed by Calvin Hammock. No affidavit of proof of service on plaintiff is attached to the motion. LR 83.1.d.5. Counsel should serve the motion on his client and file the required proof of service before the Court will rule on the motion. Signed by Magistrate Judge Ross A. Walters on 12/7/2012. (kln) (Entered: 12/07/2012) |
| 12/07/2012 | 44 | | ORDER setting telephone conference hearing on motion to withdraw for 10:00 a.m. on 12/11/12.. Signed by Senior Judge Charles R. Wolle on 12/7/2012. (alb) (Entered: 12/07/2012) |
| 12/07/2012 | | | Set Hearing: Motion Hearing set for 12/11/2012 10:00 AM in Phone Hearing before Senior Judge Charles R. Wolle. (bp ) (Entered: 12/07/2012) |
| 12/10/2012 | 45 | | PRO SE NOTICE for Hearing on Motion to Withdraw by Calvin Hammock. (bp ) (Entered: 12/10/2012) |
| 12/10/2012 | 46 | | PRO SE MOTION to Appoint Counsel by Calvin Hammock. Responses due by 12/27/2012 (bp) (Entered: 12/10/2012) |
| 12/10/2012 | 47 | | PRO SE MOTION to Continue Hearing on Motion to Dismiss by Calvin Hammock. Responses due by 12/27/2012 (bp ) (Entered: 12/10/2012) |
| 12/11/2012 | 48 | | |

| | | | |
|---|---|---|---|
| | | | Text Minute Entry for hearing held before Senior Judge Charles R. Wolle by telephone conference call on 12/11/2012. Court unable to reach Attorney Henkelvig. Discussion with plaintiff. Order to follow. (Court Reporter Theresa Kuenkel) (alb) (Entered: 12/11/2012) |
| 12/11/2012 | 49 | | ORDER granting 42 Motion to Withdraw as Attorney Trent A Henkelvig; denying 46 Motion to Appoint Counsel; granting 47 Motion to Continue. Hearing on motions to dismiss will be held by telephone conference call placed by the court to counsel of record and to plaintiff pro se at 10:00 a.m. on 12/28/12. Signed by Senior Judge Charles R. Wolle on 12/11/2012. (alb) (Entered: 12/11/2012) |
| 12/12/2012 | | | Reset Deadline: Responses due by 12/27/2012. Any party may file further briefs supporting or resisting the motions to dismiss 32 &33 . (bp ) (Entered: 12/12/2012) |
| 12/12/2012 | | | Reset Hearing: Motion Hearing set for 12/28/2012 10:00 AM in Phone Hearing before Senior Judge Charles R. Wolle. (bp ) (Entered: 12/12/2012) |
| 12/12/2012 | 50 | | Sealed Document by Calvin Hammock. (bp ) (Entered: 12/12/2012) |
| 12/27/2012 | 51 | | Sealed Document filed by Calvin Hammock. (dmh) (Entered: 12/27/2012) |
| 12/27/2012 | 52 | | RESPONSE to 33 MOTION to Dismiss filed by Calvin Hammock. Replies due by 1/7/2013. (Attachments: #1 Brief) (dmh) (Entered: 12/27/2012) |
| 12/27/2012 | 53 | | RESPONSE to 32 MOTION to Dismiss filed by Calvin Hammock. Replies due by 1/7/2013. (Attachments: #1 Brief) (dmh) (Entered: 12/27/2012) |
| 12/27/2012 | 54 | | REPLY *TO PLAINTIFF'S RESPONSE TO* re 32 MOTION to Dismiss *and Brief in Support of Motion to Dismiss* filed by Steven Bashor, Genesis Health System, Unknown Nurse.(Patterson, Benjamin) (Entered: 12/27/2012) |
| 12/28/2012 | 55 | | Text Minute Entry for proceedings held before Senior Judge Charles R. Wolle: hearing held by telephone conference call on 12/28/2012. (Court Reporter Edie Daniels) (alb) (Entered: 12/28/2012) |
| 01/15/2013 | 56 | | MOTION for Summary Judgment by Epigmenio Canas, City of Davenport, Iowa, Davenport Police Department, Frank Donchez, Bill Gluba, Brad Jensen, Austin Kean, Christopher Mahieu, Samuel Miller, James Quick, Patrick Sievert, Jason Smith. Responses due by 2/8/2013 (Attachments: #1 Statement of Undisputed Facts, #2 Brief in Support, #3 Appendix)(Jackson, Christopher) (Entered: 01/15/2013) |
| 02/07/2013 | 57 | | PLAINTIFF'S RESPONSE to Defendants' 56 MOTION for Summary Judgment filed by Calvin Hammock. Replies due by 2/19/2013. (Attachments: #1 Plaintiff's Response Brief to Defendants' Motion for Summary Judgment, #2 Plaintiff's Response to Defendants' Statement of Undisputed Facts, #3 Exhibits) (dmh) (Entered: 02/07/2013) |
| 02/12/2013 | 58 | | TEXT ORDER. Hearing will be held at the United States Courthouse in Davenport, Iowa at 9:30 a.m. on the resisted motion for summary judgment (Docket #56) filed by defendants Jensen, Miller, Canas, Smith, Sievert, Kean, Quick, Mahieu, Donchez, Gluba, the Davenport Police Department, and the City of Davenport. Signed by Senior Judge Charles R. Wolle on 2/12/2013. (alb) (Entered: 02/12/2013) |

| Date | | | Description |
|------|---|---|-------------|
| 02/12/2013 | | | Set Hearing: Summary Judgment Hearing is set for 2/22/2013 at 09:30 AM in Davenport Courthouse before Senior Judge Charles R. Wolle. (dmh) (Entered: 02/12/2013) |
| 02/12/2013 | 59 | | CAMERAS PILOT PROJECT: NOTIFICATION REGARDING VIDEO RECORDING OF SUMMARY JUDGMENT HEARING – Parties should complete Form E, Party Response Regarding Video Recording, and return it to the Clerk's Office no later than 7 (seven) days before the scheduled hearing. Do NOT file Form E in CM–ECF. E–mail Form E to IASD_casemanagers@iasd.uscourts.gov. Notification and Party Response Forms Regarding Video Recording sent to Parties. (dmh) (Entered: 02/12/2013) |
| 02/19/2013 | 60 | | All Parties in this case have consented to Video Recording of some or all proceedings in this case as part of the Cameras in Court Pilot Project. In–court proceedings will be video recorded. Motion Hearing set for 2/22/2013 at 09:30 AM in Davenport – Room 242 – 2nd Floor – Video Proceeding before Senior Judge Charles R. Wolle. (dmh) (Entered: 02/19/2013) |
| 02/22/2013 | 61 | | Minute Entry for proceedings held before Senior Judge Charles R. Wolle: Motion Hearing held on 2/22/2013 re 56 MOTION for Summary Judgment filed by Bill Gluba, Davenport Police Department, Frank Donchez, Christopher Mahieu, Brad Jensen, Austin Kean, Samuel Miller, City of Davenport, Iowa, James Quick, Epigmenio Canas, Jason Smith, Patrick Sievert. (Court Reporter Linda Egbers.) (bp ) (Main Document 61 replaced on 2/27/2013) (bp, ). (Entered: 02/22/2013) |
| 05/10/2013 | 62 | 13 | ORDER granting 32 Motion to Dismiss ; granting 33 Motion to Dismiss ; granting 56 Motion for Summary Judgment. Signed by Senior Judge Charles R. Wolle on 5/10/2013. (k, ) (Entered: 05/10/2013) |
| 05/13/2013 | 63 | 19 | JUDGMENT in favor of City of Davenport, Iowa, County of Scott, Davenport Police Department, Genesis Health System, State of Iowa, Unknown Nurse, Austin Kean, Bill Gluba, Brad Jensen, Christopher Mahieu, Epigmenio Canas, Frank Donchez, James Quick, Jason Smith, Kelly Cunningham, Michael Walton, Patrick Sievert, Samuel Miller, Steven Bashor against Calvin Hammock. Signed by Brian Phillips, Deputy Clerk for Marjorie Krahn on 5/13/2013. (bp ) (Entered: 05/13/2013) |
| 05/22/2013 | 64 | 20 | NOTICE OF APPEAL as to 63 Judgment and 62 Order on Motion to Dismiss, Order on Motion for Summary Judgment by Calvin Hammock. (bp ) (Entered: 05/22/2013) |
| 05/22/2013 | 65 | | MOTION for Leave to Appeal in forma pauperis by Calvin Hammock. (bp ) (Entered: 05/22/2013) |
| 05/23/2013 | 66 | 22 | TEXT ORDER granting 65 Motion for Leave to Appeal in forma pauperis. Signed by Senior Judge Charles R. Wolle on 5/23/2013. (alb) (Entered: 05/23/2013) |
| 05/28/2013 | 67 | 23 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA re 64 Notice of Appeal filed on 5/22/2013. (vr) (Entered: 05/28/2013) |

| 05/28/2013 | 68 | | NOTICE of Ordering Transcript by Calvin Hammock, re: 55 Telephone Conference. (bp ) (Entered: 05/28/2013) |
| 05/28/2013 | 69 | | NOTICE of Ordering Transcript by Calvin Hammock re 61 Motion Hearing. (bp ) (Entered: 05/28/2013) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

CALVIN HAMMOCK,

      Plaintiff,

                                    No. 3-12-cv-94-CRW-RAW

  vs.

                              ORDER DISMISSING LAWSUIT

BRAD JENSEN; SAMUEL MILLER;
EPIGMENIO CANAS; JASON SMITH;
PATRICK SIEVERT; AUSTIN KEAN;
JAMES QUICK; CHRISTOPHER MAHIEU;
FRANK DONCHEZ; BILL GLUBA; CITY
OF DAVENPORT, IOWA; DAVENPORT
POLICE DEPARTMENT; GENESIS HEALTH
SYSTEM; DR. STEVEN BASHOR; UNKNOWN
NURSE; KELLY CUNNINGHAM; ROBERT
CUSACK; MICHAELWALTON; COUNTY
OF SCOTT; STATE OF IOWA,

      Defendants.


      Plaintiff Calvin Hammock filed this civil rights lawsuit against the State of Iowa; ten City of Davenport officials; three Scott County officials; Genesis Health System; and a doctor and a nurse.  Hammock has multiple allegations ranging from conspiracy to violate his civil rights, to inadequate training of law enforcement officers.  He seeks compensatory and punitive damages, injunctive relief, attorney fees, litigation expenses, and required professional training for the defendants.[1]

      The events pleaded in great detail in his <u>pro se</u> complaint began on August 6, 2010, when Hammock and two other persons were arrested in connection with investigation of a robbery and suspicion of drug activity.  Davenport police officers searched and arrested him, then took him to the police station and on to Genesis Hospital where events caused him great distress.  Hammock alleges he was wrongfully booked and charged with disturbing the peace and a drug offense, given improper and inadequate medical care, and all because the defendants conspired to treat him unconstitutionally.

      Now ready for ruling are motions to dismiss filed by the three medical defendants

---

[1]Hammock filed his lawsuit <u>pro se</u> and received assistance in obtaining service of process. The court helped him obtain a lawyer, but soon thereafter the lawyer was allowed to withdraw, a request unresisted by Hammock.

(hospital, doctor, and nurse), and the three Scott County officials along with Scott County and the State of Iowa.  The court held a hearing on those motions on December 28, 2012.

Also ready for ruling are motions for summary judgment filed by all other defendants, consisting of the City of Davenport, its Police Department, Davenport law enforcement officers, and other City officials.  The court held a hearing on those summary judgment motions on February 22, 2013.  Hammock filed briefs resisting all motions; and during oral argument at the United States Courthouse in Davenport, he vigorously urged the court to allow all of his claims against all defendants to be presented to a jury.

The court has given Hammock's pleaded allegations considerable leeway because he no longer is represented by counsel.  But the court dismisses all claims; they are without merit for the following reasons and those urged in the defendants' briefs and other papers.

I. <u>Motions to Dismiss.</u>  Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all of Hammock's allegations, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and view them in the light most favorable to him.  A claim fails to state a basis upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

A. <u>Claims Against Genesis Health System, Dr. Steven Bashor, and unknown nurse (Nurse Washington)</u>.  Hammock contends the medical personnel at Genesis, including Dr. Bashor and Nurse Washington ("unknown nurse") were in a "special relationship" with the Davenport law enforcement officers.  Based on the manner the medical personnel treated him, he argues they demonstrated toward him a callous and reckless disregard of his physical pain and mental suffering, complaining that the nurse called him an "animal."  He contends they all acted under color of State law and violated his constitutional right to be free from cruel and unusual punishment.

The pleaded claims, even read generously in favor of the <u>pro se</u> plaintiff Hammock, are without merit.  The medical personnel were not acting under color of State law nor deliberately indifferent to him: they provided him medical care despite his belligerent attitude.  <u>See Americans United for Separation of Church & State v. Prison Fellowship Ministries, Inc.</u>, 509 F.3d 406, 422 (8th Cir.  2007) (describing nexus between state and private

May 28 2013 p 14
Appellate Case: 13-2165   Page: 14   Date Filed: 05/28/2013 Entry ID: 4039676

actors that gives rise to § 1983 liability); Burton v. Richmond, 370 F.3d 723, 728 (8th Cir. 2004) (describing when duty to protect arises); see also Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006) (Fourteenth Amendment protections for pretrial detainees are the same as Eighth Amendment protections for inmates).  The hospital itself may not be held liable on Hammock's theory of *respondeat superior*, because that is not a viable basis for federal or State civil rights liability.  See Monell v. New York Dep't of Social Servs., 436 U.S. 658, 694 (1978).  The court dismisses with prejudice the claims against these three defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

B.  Claims Against Scott County, Michael Walton, Kelly Cunningham, Robert Cusack, and State of Iowa.  Hammock contends Assistant County Attorneys Cunningham and Cusack violated his civil rights by filing a trial information and petition to forfeit property arising from the events of August 6, 2010.  These defendants are entitled to dismissal for several reasons.

First, defendants Scott County and Scott County Attorney Walton cannot be held liable for the actions of the two defendant Assistant County Attorneys, for a civil rights plaintiff may not rely on *respondeat superior* to establish a supervisor's liability.  See id.  No pleadings suggest the County or Walton were actors in the events about which Hammock complains.

The same absence of a viable theory for liability, as well as the Eleventh Amendment to the United States Constitution, require the court to dismiss as a defendant the State of Iowa.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (Eleventh Amendment bars suits by private parties against states and their agencies unless state has consented to suit).

Defendants Cunningham and Cusack are targeted for prosecuting Hammock unsuccessfully.  A State judge dismissed the charges against Hammock.  Cunningham and Cusack are entitled to prosecutorial immunity.  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  The record supports these defendants' immunity defense. They had reasonable grounds to file a trial information and to seek forfeiture of property, based on other law enforcement reports about what happened on August 6, 2010.  No pleaded facts suggest they acted with malicious intent nor any special personal motive to harm Hammock. They properly acted in accordance with their duty as prosecutors.  Iowa Code § 331.756(1).

Finally, the court concludes that Hammock fails to state a claim under the Americans with Disabilities Act against these defendants because nothing in the pleadings suggest that any

3

of them knew Hammock was disabled, much less took action against him because of his disability.  See 42 U.S.C. § 12132.  The court grants these defendants' motion to dismiss with prejudice.

II.  <u>City Defendants' Motion for Summary Judgment.</u>  Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Hammock has made no such showing.

The ten named City of Davenport persons and two entities move for summary judgment, and their motions are fully supported by the entire record, including the authorities cited in their briefs.  Hammock's resistance is unavailing.

The court grants summary judgment to the City of Davenport itself because Hammock's conspiracy theory has no support and Hammock presents no genuine issues of fact on failure to train or having an unconstitutional government policy or custom that affected Hammock's civil rights.  <u>See</u> <u>Monell</u>, 436 U.S. at 694 (policy or practice must be moving force).  Also, the defendant Police Department is entitled to dismissal of Hammock's claims against it, because Hammock relies only on theories of alleged customs, practice, and derivative liability for actions of its employees.  But the record entirely lacks proof of those assertions; *respondeat superior* is not a viable theory in this section 1983 lawsuit.  <u>See id.</u>

Mayor Bill Gluba, a named defendant, is barely mentioned in one paragraph of the 109 pleaded paragraphs of the complaint, and all inferred claims against him are without merit for the same reasons that the City and Police Department are entitled to judgment in their favor.

Similarly, Chief of Police Frank Donchez and Detective Austin Kean, though named as defendants, are briefly mentioned only in paragraphs 19 and 7 of the complaint.  The grounds for summary judgment supporting dismissal of the lawsuit against the City, Police Department, and Mayor apply equally to Donchez and Kean.

The remaining City of Davenport defendants are police officers engaged in the August 6, 2010, events that Hammock contends constituted violation of his civil rights.  Did any of them engage in a conspiracy?  No evidence supports need for a trial on that theory against all

4

defendants; there was no agreement by two or more of the defendants to engage in activity to violate his civil rights.  See Barstad v. Murray County, 420 F.3d 880, 887 (8th Cir. 2005) ("A conspiracy claim requires evidence of specific facts that show a 'meeting of minds' among conspirators.").

Did any of these law enforcement officers act unreasonably in stopping Hammock's vehicle and arresting him when investigating a robbery and also arresting persons seen fleeing from where he was stopped?  The record proves the contrary.  A state court ruled the search and seizure was valid, and that ruling is given preclusive effect in Hammock's federal suit.  See Crumley v. City of St. Paul, Minn., 324 F.3d 1003, 1006-07 (8th Cir. 2003).  The officers' affidavits and absence of contrary admissible evidence in the record demonstrate that none of the officers exceeded his responsibilities and reasonable investigative techniques when engaging Hammock on August 6, 2010.  Quite reasonable was the arrest, handcuffing, search of his body and car, use of a canine to find drugs, and taking him to the hospital when he complained of pain.  The officers properly sought a search warrant to determine content of the three cell phones.

The fact that Hammock's attorney successfully sought and obtained dismissal of charges against him by a Scott County judge on October 29, 2010, does not itself prove that the City police officers acted improperly when they obtained evidence that led to the charges brought by Scott County attorneys.  See id.  Finally, even assuming Hammock's rights were violated, the officers are entitled to qualified immunity because officers in their positions would not have known their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Thomas v. Hungerford, 23 F.3d 1450, 1452 (8th Cir. 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Does the evidence rise to the level of establishing genuine issues for trial because of the search of Hammock's body, denial of a toilet to urinate at one point, handcuffing him to a chair, having his vehicle searched, and providing delayed medical treatment on August 26?  No, the officers did not act unreasonably under the circumstances shown in the record of events and their responses.  There is certainly no proof that the officers, individually or acting together, violated Hammock's constitutional right to be free of cruel and inhuman treatment.  His record evidence falls far short of supporting such a theory, and defendants are also entitled to qualified immunity on the issue.  See Chambers v. Pennycook, 641 F.3d 898, 905-07 (8th Cir. 2011) (discussing excessive force elements and qualified immunity).

Finally, the court concludes that Hammock fails to state a viable claim under the Americans with Disabilities Act against these defendants because nothing in the pleadings suggest that any of them knew Hammock was disabled, much less took action against him because of his disability.   See 42 U.S.C. § 12132.

The court grants summary judgment in favor of all the City defendants: Brad Jensen, Samuel Miller, Epigmenio Canas, Jason Smith, Patrick Sievert, Austin Kean, James Quick, Christopher Mahieu, Frank Donchez, Bill Gluba, the Davenport Police Department, and the City of Davenport.

III.  Rulings.  The court grants the motions to dismiss.  The court grants the motion for summary judgment.  This lawsuit is dismissed with prejudice, at plaintiff Calvin Hammock's costs.

IT IS SO ORDERED.

Dated this 10th day of May, 2013.


_Charles R Wolle_
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

CALVIN HAMMOCK,

       Plaintiff

v

BRAD JENSEN, et. al.,

       Defendant

JUDGMENT IN A CIVIL CASE

CASE NUMBER:   3:12-cv-94-CRW-RAW

○ JURY VERDICT .  This action came before the Court for trial by jury.  The issues have been tried and the jury has rendered its verdict.

◉ DECISION BY COURT.  This action came to before the Court.  The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED:

Court grants the motion to dismiss as to defendants Genesis Health System, Dr. Steven Bashor, Unknown Nurse (Nurse Washington), Scott County, Michael Walton, Kelly Cunningham, Robert Cusack and State of Iowa. Court further grants the motion for summary judgment as defendants Brad Jensen, Samuel Miller, Epigmenio Canas, Jason Smith, Patrick Sievert, Austin Kean, James Quick, Christopher Mahieu, Frank Donchez, Bill Gluba, City of Davenport, IA and the Davenport Police Department. The lawsuit is dismissed with prejudice, at plaintiff Calvin Hammock's costs.

Date:   May 13, 2013

CLERK, U.S. DISTRICT COURT

/s/ Brian Phillips
_____
By: Deputy Clerk

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED

MAY 22 2013

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Calvin Hammock,

     Plaintiff,

                             CASE NO. 3-12-cv-94-CRW-RAW

vs.


BRAD JENSEN; SAMUEL MILLER;
EPIGMENIO CANAS; JASON SMITH;
PATRICK SIEVERT; AUSTIN KEAN;
JAMES QUICK; CHRISTOPHER MAHIEU;
FRANK DONCHEZ; BILL GLUBA;CITY
OF DAVENPORT, IOWA; DAVENPORT
POLICE DEPARTMENT; GENESIS HEALTH
SYSTEM; DR.STEVEN BASHOR; UNKNOWN
NURSE; KELLY CUNNINGHAM; ROBERT
CUSACK; MICHAEL WALTON; COUNTY
OF SCOTT; STATE OF IOWA,

                 Defendants

# NOTICE OF APPEAL

COMES NOW the Plaintiff Pro se, so Moves this Court pursuant to 28 U.S.C. § 2107 accept this Notice and is hereby given that Plaintiff, Calvin Hammock in the above named case HAMMOCK v JENSEN; ET AL, hereby appeal to the United States Court of Appeals for the Eighth Circuit from the ORDER DISMISSING LAWSUIT dated May 10, 2013, entered into the record on May 13, 2013 by U.S. DISTRICT COURT JUDGE, CHARLES R. WOLLE. Plaintiff was granted forma pauperis status in the above named civil case as Plaintiff was and still is indigent.

Date: 5-20-13



JENNIFER THORNBURG
Commission Number 775896
My Commission Expires
November 26, 2015

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA**
**OFFICE OF THE CLERK**
**P. O. BOX 9344**
**DES MOINES, IA. 50306-9344**
**515-284-6248**

# Civil Case Notice of Appeal Supplement

COUNSEL FOR APPELLANT PLEASE COMPLETE AND SUBMIT WITH NOTICE OF APPEAL

**Case Name:** _____ **vs.** _____

**District Court Case #** ____:____- cv - _____

**Appeal Fee ($455.oo) Status   Pd___    IFP___    Pending ___    Govt.  Appeal ___**

**Counsel   Appointed ____   CJA ____   Retained ____   Pro Se____**

**Appeal filed by   Counsel____ Pro Se____**

**Any reason why counsel should not be appointed_____**

**Pending post Judgment motions:   Yes___ No___**

**Type of Motion(s)_____**

**High Public Interest Case   Yes_____ No_____**

**Simultaneous Opinion Release Requested   Yes____ No____**

**Trial  Held   Yes_____ No_____**

**Jury Trial  Held   Yes_____ No_____**

**Court Reporter   Yes ____ No_____     Length of Trial _____**

**Reporter's  Name   _____**

**Address   _____**

**_____**

**Phone   _____**

**Transcript Ordered   Yes_____ No_____**

**<u>Appealing</u>:   Order prior to final judgment ____   Final Judgment____**

**Completed Form "A" Enclosed   Yes_____ No____**