# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

## CASE NO. 13-2165
_____

**CALVIN HAMMOCK,**

Plaintiff/Appellant,

v.

**BRAD JENSEN, et. al.,**

Defendants/Appellees.
_____

Appeal from the United States District Court
For the Southern District of Iowa, Davenport Division
Honorable Charles R. Wolle

_____

## DEFENDANT-APPELLEE'S BRIEF
_____

Robert L. Cusack
Assistant Scott County Attorney
400 W. 4th Street
Davenport, Iowa 52801
Telephone: (563) 326-8600
Facsimile: (563) 326-8763
Email: robert.cusack@scottcountyiowa.com

**ATTORNEY FOR APPELLEES**
**Kelly Cunningham, Robert Cusack, Michael Walton,**
**County of Scott, State of Iowa**

# SUMMARY OF THE CASE AND DECLINATION FOR ORAL ARGUMENT

Plaintiff-Appellant Calvin Hammock and two other individuals were arrested on August 6, 2011, in connection with investigation of a robbery and suspicion of drug activity. Hammock claims that circumstances surrounding his arrest, medical treatment, and subsequent prosecution violated his civil rights and the Americans with Disabilities Act.

Hammock filed a civil action in the United State District Court for the Southern District of Iowa, Davenport Division, claiming violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 12132. Hammock named Assistant Scott County Attorneys Kelly Cunningham and Robert Cusack, Scott County Attorney Michael Walton, the State of Iowa, and Scott County, along with ten City of Davenport officials, Genesis Health Systems, a doctor and a nurse, as defendants. Through motions to dismiss and for summary judgment, all defendants were dismissed from the case.

Because this Court may summarily resolve the issues raised in this appeal, no more than 15 minutes of oral argument, if any, is requested. Defendants Kelly Cunningham, Michael Walton, Robert Cusack, State of Iowa, and Scott County do not specifically request oral argument.

# **TABLE OF CONTENTS**

SUMMARY OF THE CASE………………………………………………..ii

TABLE OF CONTENTS………………………………………………...iii

TABLE OF AUTHORITIES……………………………………………..iv

JURISDICTIONAL STATEMENT……………………………………………1

STATEMENT OF THE ISSUES…………………………………………... 1

STATEMENT OF THE CASE…………………………………………...2

STATEMENT OF THE FACTS………………………………………….3

SUMMARY OF THE ARGUMENT…………………………………………..4

STANDARD OF REVIEW………………………………………………….5

ARGUMENT…………………………………………………….. 6

CONCLUSION…………………………………………………...13

CERTIFICATE OF COMPLIANCE…………………………………...14

PROOF OF SERVICE…………………………………………………….15

# **TABLE OF AUTHORITIES**

**Cases**

*Alabama v. Pugh,* 438 U.S. 781, 782 (1978)……………………...……..2

*Buckley v. Fitzsimmons,* 509 U.S. 259 (1993)………………………… 6

*Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)……………………..1, 6, 7, 8

*Mireles v. Waco,* 502 U.S. 9, 11 (1991)………………………….…….. 6

*Monell v. New York Dept. of Soc. Services,*
436 U.S. 658 (1978). …………………………………………..…..2, 10

*Papasan v. Allain*, 478 U.S. 265, (1986)…………………………….....10

*Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th. Cir. 1999)..……….2, 10, 11

*Hadley v. North Arkansas Community Technical College*,
76 F.3d 1437, 1438 (8th Cir. 1996)……………………………………11

*Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997)………….. 10

*Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)…………………….10

*Plouffe v. Ligon,* 606 F.3d 890, 893 (8th Cir. 2010)…………………... 5

*Iowa Valley Community College Dist. v.
Plastech Exterior Systems*, Inc.,
256 F. Supp. 2d 959, 964 (S.D. Iowa 2003)……………………….…… 11

*Tinius v. Carroll County Sheriff Department*,
255 F. Supp. 2d 971, 985 (N.D. Iowa 2003)………………………….11

**Statutes**

28 U.S.C. § 1291……………………………………………………….1

28 U.S.C. § 1331……………………………………………………...…1

42 U.S.C. § 1983……………….…………….…………………….iii, 1, 2, 6, 10

42 U.S.C. § 1985……………….……………………………………..iii, 1, 2

42 U.S.C. § 12132……………….…………………………..…….iii, 1, 2, 12

Iowa Code § 331.756(1)…………………………………………………..7

Iowa Code § 331.756(2)…………………………………………………..7

Iowa Code § 809A.1(6)………………………………………………….. 9

## Other Authorities

Federal Rules of Civil Procedure 12(b)(6)……………………………….…..1

Iowa Rules of Criminal Procedure 2.5(1)………………………………   7

Iowa Rules of Criminal Procedure 2.5(2)………………………………   7

# JURISDICTIONAL STATEMENT

Plaintiff-Appellant Calvin Hammock's ("Hammock") claims were brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 12132. The United States District Court for the Southern District of Iowa, Davenport Division, possessed federal question jurisdiction under 28 U.S.C. § 1331.

Defendants Kelly Cunningham ("Cunningham"), Michael Walton ("Walton"), Robert Cusack ("Cusack"), State of Iowa, and Scott County requested dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 10, 2013, the district court entered an Order Dismissing Lawsuit. Judgment was entered on May 13, 2013.

On May 22, 2013, Hammock filed his Notice of Appeal. This Court has jurisdiction based on 28 U.S.C. § 1291, which provides for jurisdiction over all final decisions from the district court.

# STATEMENT OF THE ISSUES

1. Whether the district court was correct in dismissing the claims against Cunningham and Cusack because they are entitled to prosecutorial immunity.

*Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

1

2. Whether the district court was correct in dismissing the claims against Walton and Scott County because they cannot be held liable based on the theory of *respondeat superior*.

*Monell v. New York Dept. of Soc. Services,* 436 U.S. 658 (1978).

3. Whether the district court was correct in dismissing the claims against the State of Iowa because claims against it are barred by the Eleventh Amendment.

*Alabama v. Pugh,* 438 U.S. 781, 782 (1978).

4. Whether the district court was correct in dismissing the claims under the Americans with Disabilities Act when defendants were unaware of the disability and there was no discrimination because of a disability.

*Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th. Cir. 1999).

## STATEMENT OF THE CASE

Plaintiff-Appellant Calvin Hammock and two other individuals were arrested on August 6, 2011, in connection with investigation of a robbery and suspicion of drug activity. Hammock claims that circumstances surrounding his arrest, medical treatment, and subsequent prosecution violated his civil rights and the Americans with Disabilities Act.

Hammock filed a civil action in the United State District Court for the Southern District of Iowa, Davenport Division, claiming violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 12132. Hammock named Scott County Attorney Michael Walton, Assistant Scott County Attorneys Kelly Cunningham and Robert Cusack, the State of Iowa, and

2

Scott County, along with ten City of Davenport officials, Genesis Health Systems, a doctor and a nurse, as defendants.

Through motions to dismiss and for summary judgment, all defendants were dismissed from the case.

## **STATEMENT OF THE FACTS**

Hammock's Complaint states that he was arrested from events that occurred on or about August 6, 2010. (Complaint ¶ 23). Davenport police officers made contact with him and he was taken into custody. (Complaint ¶¶ 23-41). Two other individuals were arrested with Hammock. Hammock alleges, correctly, that Assistant County Attorney Cunningham filed a trial information bringing charges against him. (Complaint ¶¶ 81, 89). Cunningham filed a trial information on August 26, 2010, charging Hammock, along with the other two individuals, with several criminal charges involving drugs. (Complaint, Exhibit Q).

Prior to trial in the matter, both of Hammock's codefendants died. (Complaint, Exhibit W, pg. 2). The Iowa District Court ruled on June 7, 2011, that the stop and search of Hammock's vehicle and person was valid. (Complaint, Exhibit W). The Iowa District Court, however, ruled that statements made by the deceased codefendants were inadmissible. (Complaint, Exhibit W, pg. 2).

3

On June 8, 2011, the day after the ruling granting the suppression of the statements made by the deceased codefendants, Cunningham filed a motion to dismiss the charges against Hammock. (Complaint, Exhibit X, pg. 2). The motion to dismiss was granted and the charges were dismissed on June 8, 2011. (Complaint, Exhibit X, pg. 1).

Hammock alleges that Cunningham did not release video taken of him while in custody and that Cunningham did "not acknowledge any of the exculpatory material in Plaintiff's favor." (Complaint ¶¶ 90, 91). Basically, Hammock is alleging that Cunningham maliciously prosecuted him. (Complaint ¶¶ 91-97, 106).

Hammock also alleges, again correctly, that Assistant Scott County Attorney Robert Cusack initiated a forfeiture action against some of his property and that this action was dismissed. (Complaint ¶¶ 98-100).

No specific allegations are made against the State of Iowa, Scott County, or Scott County Attorney Michael Walton.

## **SUMMARY OF THE ARGUMENT**

Hammock has failed to allege any facts in his Complaint that Cunningham or Cusack performed any actions other than in their roles as prosecutors that were not an integral part of the judicial process. Both

4

Cunningham and Cusack enjoy absolute immunity and the district court was correct in dismissing the claims against them.

Hammock has failed to allege any facts that show Walton or Scott County had any direct involvement in his case. Because *respondeat superior* may not be used as a basis for a civil rights claim, the district court was correct in dismissing the claims made against Walton and Scott County.

Hammock has failed to allege any facts to show a theory of liability against the State of Iowa. Because the Eleventh Amendment to the United States Constitution bars suits by private parties against states, the district court was correct in dismissing the claims against the State of Iowa.

Hammock has failed to allege any facts to show that Cunningham, or any other defendant, was aware of his mental disability, much less that he was discriminated against because of it. Because Hammock has failed to set forth any facts in support of his violation of the Americans with Disabilities Act claim, the district court was correct in dismissing the claim.

## **STANDARD OF REVIEW**

This court reviews a grant of a motion to dismiss de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Plouffe v. Ligon,* 606 F.3d 890, 893 (8th Cir. 2010).

5

# ARGUMENT

1. **The district court was correct in dismissing the claims against Cunningham and Cusack because they are entitled to prosecutorial immunity.**

It is well settled that prosecutors have absolute immunity in performing activities that are an "integral part of the judicial process". *See Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) (holding that prosecutors are also absolutely immune in actions brought under 42 U.S.C. §1983). Acts undertaken by prosecutor in preparation for initiation of judicial proceedings or for trial, and which occur in course of his role as advocate for state, are entitled to protections of absolute immunity; those acts include professional evaluation of evidence assembled by police and appropriate preparation for its presentation at trial, or before grand jury after decision to seek indictment has been made. *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993). Absolute immunity is an immunity from suit, not simply an immunity from the assessment of damages. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991). Immunity for prosecutors is absolute even if the prosecution is malicious or dishonest. *Imbler,* 424 U.S. at 427.

Hammock alleges that Cunningham violated his civil rights by instituting charges against him by filing a trial information. In Iowa,

6

indictable offenses may be prosecuted by trial information. Iowa R. Crim. P. 2.5(1). The Iowa Criminal Rules of Procedure also provide that a trial information be endorsed as a true information and <u>shall</u> be signed by the prosecuting attorney. Iowa R. Crim. P. 2.5(2) (emphasis added). Thus, the prosecuting attorney is required to sign the trial information as a function of his role as a prosecutor. The signing of the trial information is an act undertaken by the prosecutor in preparation for initiation of judicial proceedings.

Hammock further alleges that Cunningham maliciously prosecuted him. Again, even if this was true, Cunningham is absolutely immune pursuant to *Imbler*. Cunningham has a duty to "[d]iligently enforce or cause to be enforced in the county, state laws . . . , violations of which may be commenced or prosecuted in the name of the state . . . ." Iowa Code § 331.756(1). Further, Cunningham is obliged to "[a]ppear for the state . . . in all cases and proceedings in the courts of the county to which the state . . . is a party . . . ." Iowa Code § 331.756(2). Hammock has alleged absolutely no facts that show Cunningham acted outside the role of prosecutor in his case.

It is interesting to note that most of Hammock's claims against Cunningham stem from his belief that she was in collusion with police officer witnesses called to testify at his May 18, 2011, motion to suppress

7

hearing. Hammock claims Cunningham "developed a strategy to manufacture evidence and fabricate marijuana evidence in order to effect a favorable state court ruling." Even if these ridiculous allegations were true, Cunningham did not do a very good job of setting Hammock up because, when the court ruled the statements of the deceased codefendants were inadmissible at trial, Cunningham immediately dismissed the charges against Hammock. In any event, the actions complained of by Hammock were done by Cunningham in a stage that was an "integral part of the judicial process" – a hearing on a motion to suppress.

Hammock further alleges that Cunningham withheld exculpatory evidence. Specifically, he complains that cell phone records showing he did not have phone contact with his codefendants was withheld from his attorney. Even if this was true, the case never made it to trial. It was dismissed by Cunningham before trial. The obligation to turn over exculpatory evidence to the defendant prior to trial necessarily requires that there is, in fact, a trial. Cunningham would enjoy absolute immunity under *Imbler* even if she did withhold exculpatory evidence and Hammock was convicted at trial – the fact that she dismissed the charges against Hammock demonstrates that Hammock suffered absolutely no harm even if his allegations in this regard were true.

Likewise, Cusack is entitled to absolute immunity regarding Hammock's allegations against him. Specifically, Hammock alleges that Cusack instituted, then dismissed, a forfeiture proceeding in state court against certain property. Iowa law permits Cusack, as an assistant county attorney, to initiate forfeiture proceedings and specifically defines assistant county attorneys as "prosecuting attorneys" . *See* Iowa Code § 809A.1(6). Other than alleging Cusack did what was authorized to do under the law, as a prosecuting attorney, Hammock has set forth no facts that he acted outside his role as prosecutor.

Because both Cunningham and Cusack enjoy absolute immunity for actions taken under the law as prosecutors, the district court was correct in dismissing Hammock's claims against them.

2. **The district court was correct in dismissing the claims against Walton and Scott County because they cannot be held liable based on the theory of *respondeat superior*.**

Hammock does not make any specific claims against Scott County or County Attorney Walton in his Complaint, but he does list them as defendants. Hammock is claiming that they are liable for the actions of their employees, Cunningham and Cusack, under a theory of *respondeat superior*. Scott County and Walton were correctly dismissed from this action because

9

*respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Monell v. New York Dept. of Soc. Services,* 436 U.S. 658 (1978).

Because *respondeat superior* is not a basis for liability, the district court correctly dismissed his claims against Scott County and Walton.

3. **The district court was correct in dismissing the claims against the State of Iowa because claims against it are barred by the Eleventh Amendment.**

Hammock makes no specific claims against the State of Iowa in his Complaint, but does list it as a defendant. Apparently, any claim he may have against the State of Iowa is made under 42 U.S.C. § 1983.

"The Eleventh Amendment presents a jurisdiction limit on federal courts in civil rights actions against states and their employees." *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997) (quoting *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)). "The Eleventh Amendment grants a state immunity from suits brought in federal court by its own citizens as well as citizens of another state." *Alsbrook v. City of Maumelle*, 187 F.3d 999, 1005 (8th Cir. 1999). An action brought against a state or its employees is barred by the Eleventh Amendment regardless of whether it seeks monetary damages or injunctive relief. *Papasan v. Allain*, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986).

A state's Eleventh Amendment immunity may be abrogated by Congress or a state may waive it. *Alsbrook v. City of Maumelle*, 187 F.3d at 1005. There is no indication that Congress has abrogated Iowa's immunity. *See Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996) (stating that "[s]ection 1983 does not override Eleventh Amendment immunity"). Federal courts have recognized that Iowa has not waived its Eleventh Amendment immunity. *Iowa Valley Community College Dist. v. Plastech Exterior Systems, Inc.*, 256 F. Supp. 2d 959, 964 (S.D. Iowa 2003); *Tinius v. Carroll County Sheriff Department*, 255 F. Supp. 2d 971, 985 (N.D. Iowa 2003).

Because the State of Iowa is immune from all claims under 42 U.S.C. § 1983, dismissal of Hammock's claims against it was appropriate.

4. **The district court was correct in dismissing the claims under the Americans with Disabilities Act when defendants were unaware of the disability and there was no discrimination because of a disability.**

Hammock has failed to allege any facts to show that Cunningham, or any other defendant, was aware of his mental disability, much less that he was discriminated against because of it.

Hammock claims for the first time in his appellate brief that he told someone from pretrial release that he had a mental condition. He believes that this serves as notice to all the world that he has a mental condition.

11

Pretrial release personnel are employed by the State of Iowa. They are not Scott County employees.

Title II of the ADA, captioned "Public Services," provides:

"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132.

Hammock has absolutely nothing to show that any of the defendants had knowledge of his mental condition. Even if he did tell pretrial release personnel he had a mental condition, and that knowledge was imputed to defendants, he has alleged absolutely no facts to show that he was "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" or that he was in any way discriminated against because of his mental condition.

Because Hammock's claims brought under the Americans with Disabilities acts fail to allege facts of discrimination, the district court was correct in dismissing these claims.

## **CONCLUSION**

For the reasons stated above, Scott County Attorney Michael Walton, Assistant Scott County Attorneys Kelly Cunningham and Robert Cusack, the State of Iowa, and Scott County respectfully request that this Court affirm the district court's decision.

# CERTIFICATE OF COMPLIANCE

1.	This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) as this brief contains 3,247 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.	This brief complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) in that this brief has been prepared in a proportionate spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

3.	In compliance with Federal Rule of Appellate Procedure 28A(h)(2), counsel for Appellee states that this brief has been scanned for viruses by Symantec Endpoint Protection and no viruses were found.

Dated this 31st day of July, 2013

>	By:  /s/ Robert L. Cusack
>	Robert L. Cusack
>	Assistant Scott County Attorney
>	Attorney for Defendant-Appellee

# PROOF OF SERVICE

I hereby certify that on July 31st, 2013, I electronically filed Defendant-Appellee's Brief with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants, with the exception of the Plaintiff-Appellant, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ Robert L. Cusack
Robert L. Cusack
Assistant Scott County Attorney
Attorney for Defendant-Appellee

I further certify that on _____, I mailed by First-Class Mail, postage prepaid, 10 copies of Defendant-Appellee's Brief to the Eighth Circuit Clerk of Court and 1 copy to Plaintiff-Appellant pro se:

Mr. Calvin Hammock
1911 Valley Drive
Davenport, IA 52806

By: /s/ Robert L. Cusack
Robert L. Cusack
Assistant Scott County Attorney
Attorney for Defendant-Appellee

15